# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### OCALA DIVISION

**RAYMOND B. BALDWIN,**

      **Plaintiff,**

**v.**                                                        **Case No: 5:15-cv-594-Oc-34PRL**

**ROBERT MCDONALD**

      **Defendant.**

_____

## ORDER

This *pro se* Plaintiff filed this action against Defendant and moved the Court to proceed *in forma pauperis*. (Doc. 2).   On April 8, 2016, I issued a Report and recommended that Plaintiff's claims under the FMLA and for defamation be dismissed for lack of subject matter jurisdiction; Plaintiff's claims for criminal violations and conspiracy to commit crimes be dismissed for failure to state a claim; and the remaining so-called "EEO" claims be dismissed for failure to state a claim, but with leave to amend if Plaintiff could do so in good faith. (Doc. 12).   Plaintiff then filed an amended complaint that contained only the "EEO" claims (Doc. 14).   Before the Court addressed the amended complaint, Plaintiff filed a motion seeking leave to file a second amended complaint, asserting only "EEO" claims.   (Doc. 27).[1]   The Defendant, who has responded to other motions in the case, did not respond to the motion to file a second amended complaint.   Plaintiff has also renewed his request to proceed *in forma pauperis.*   (Doc. 28).

_____

[1] Plaintiff previously filed a second amended complaint without leave of court so it was stricken. (Doc. 25).

I have now reviewed Plaintiff's second amended complaint, as required by 28 U.S.C. §1915(e)(2), and his Affidavit of Indigency (Doc. 3), and find that Plaintiff is unable to pay the costs of this action pursuant to 28 U.S.C. § 1915(a), and that the second amended complaint is due to be served.   Accordingly:

1.      Plaintiff's motion for leave to file a second amended complaint (Doc. 27) is **GRANTED.** The **Clerk shall** docket the second amended complaint attached to the motion, along with the exhibit, as a separate docket entry.   This shall be the controlling complaint in this case.

Plaintiff is advised that no further amendments to the complaint shall be permitted by the Court unless, as required by Rule 15 of the Federal Rules of Civil Procedure, the opposing party provides written consent to the amendment or "justice so requires" the amendment, and Plaintiff files a separate motion for leave to so amend and provides a copy of the proposed amended complaint.   *See also* Local Rule 4.01, M.D. Fla.

2.      It appears that Defendant has waived service by moving to dismiss the initial complaint. Within **five (5) days** of this Order, **Defendant shall** file a notice advising the Court whether he has waived service.   If Defendant has waived service, he shall file a response to the second amended complaint within **fourteen (14) days** of the date he files his notice.

3.      Within **forty-five (45) days** of this Order, **the parties shall** meet for purposes of preparing a Case Management Report consistent with the requirements of Local Rule 3.05.   The report must be filed within **fourteen (14) days** after the meeting.   A case management report for Judge Howard can be found here: http://www.flmd.uscourts.gov/judicialInfo/Jax/JgHoward.htm

4.      Plaintiff's Affidavit of Indigency (Doc. 28) which the Court construes as a motion to proceed *in forma pauperis* is **GRANTED.**   Plaintiff shall be permitted to proceed *in forma*

*pauperis* without the prepayment of fees or costs or security therefor.   Plaintiff's prior motions for leave to proceed *in forma pauperis* (Docs. 2, 16, 22) are **terminated as moot**.

5.      Plaintiff's motions for the appointment of counsel (Docs. 3, 15, 24, 29) are **DENIED without prejudice** to renewal as the case progresses.   The "[a]ppointment of counsel in a civil case is a privilege requiring exceptional circumstances, such as the presence of facts and legal issues so novel or complex they require the assistance of a trained practitioner." *McKissick v. Comm'r, Georgia Dep't of Corr.*, 587 F. App'x 567, 573 (11th Cir. 2014) cert. denied sub nom. *McKissick v. Deal*, 135 S. Ct. 1849 (2015).   I find no exceptional circumstances justifying appointment of counsel at this time.

The Court's website (www.flmd.uscourts.gov) has a section designed to assist litigants who are proceeding without the assistance of a lawyer.   Plaintiff is advised to consult it thoroughly to familiarize himself with the requirements of federal court practice.   Indeed, Plaintiff is cautioned that despite proceeding pro se, he is required to comply with this Court's Local Rules, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence.   Plaintiff may obtain a copy of the Local Rules from the Court's website (http://www.flmd.uscourts.gov) or by visiting the Office of the Clerk of Court.   Also, resources and information related to proceeding in court without a lawyer, including a handbook entitled *Guide for Proceeding Without a Lawyer*, can be located on the Court's website (http://www.flmd.uscourts.gov/pro_se/default.htm).

In addition, the Jacksonville Chapter of the Federal Bar Association operates a pilot program in Jacksonville where pro se litigants may meet with a lawyer for free to receive guidance about their federal lawsuits. The program is open on Tuesdays from 11:00 a.m.-1:00 p.m. in the United States Courthouse in Jacksonville. If Plaintiff is able to come to Jacksonville to meet with

a lawyer in that program, he should contact the Jacksonville Division Clerk's Office at (904) 549-1916 to make an appointment.

6.      The remaining motions related to previous versions of Plaintiff's complaint (Docs. 6, 12, 17, 19, 20) are **terminated as moot**.

**DONE** and **ORDERED** in Ocala, Florida on August 24, 2016.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties