# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

RAYMOND B. BALDWIN,

    Plaintiff,

v.                              Case No. 5:15-cv-594-Oc-34PRL

DAVID J. SHULKIN, Secretary of
Veterans Affairs, United States
Department of Veterans Affairs,

    Defendant.

## O R D E R

**THIS CAUSE** is before the Court on Plaintiff [sic] Request Motion of Summary Judgment [sic] (Doc. 38; Motion), filed on April 3, 2017. On May 23, 2017, Defendant filed a response, see Defendant's Response to Plaintiff's Request Motion of Summary Judgment (Doc. 43; Response), and with leave of Court, see Order (Doc. 47), Plaintiff filed a reply on June 8, 2017, see Plaintiff's Response to the Defendant's Response to the Plaintiff's Motion of Summary Judgment (Doc. 48; Reply). Accordingly, this matter is ripe for review.

Upon review of the Motion, the Court notes that in its entirety, it is three pages long. See generally Motion. The Motion simply consists of fifteen paragraphs of factual allegations with attached documentation. Id. Notably, Plaintiff does not discuss his factual allegations in the context of any of the claims set forth in the Second Amended Complaint (Doc. 31; Complaint). Although Plaintiff seeks entry of summary judgment, he does not identify which of the myriad claims asserted in the Complaint on which he seeks entry of judgment. Of greater concern, the Motion is devoid of any citation to legal

authority, devoid of any discussion of the legal requirements to prevail on his claims, and devoid of any analysis or any attempt to apply his factual allegations to the applicable law.

Under Rule 56(a) of the Federal Rules of Civil Procedure (Rule(s)), a party who moves for summary judgment must "identify[ ] each claim or defense—or the part of each claim or defense—on which summary judgment is sought." Plaintiff has made no attempt to comply with this Rule. Similarly, under Rule 3.01(a) of the Local Rules, United States District Court, Middle District of Florida (Local Rule(s)), a "movant shall include a concise statement of the precise relief requested, a statement of the basis for the request, and a memorandum of legal authority in support of the request, all of which the movant shall include in a single document not more than twenty-five (25) pages." Plaintiff has also failed to satisfy this requirement, as he does not provide a legal memorandum or any legal authority for his Motion.

The Court notes that Plaintiff filed two supplements to the Motion. See Plaintiff Explanation for Motion of Summary Judgment [sic] (Doc. 40) and The Plaintiff's Statement Regarding the Lack of Opposition to the Motion for Summary Judgment (Doc. 41) (collectively, the Supplements). Although the Supplements constitute unauthorized replies that ordinarily are due to be stricken, see Local Rule 3.01(c) ("No party shall file any reply or further memorandum directed to the motion or response . . . unless the Court grants leave."), the Court has considered the Supplements. Having done so, the Court finds that they fail to rectify the deficiencies described above.

Because Plaintiff is proceeding pro se the Court has liberally construed his papers, giving them the benefit of the doubt. See Kroger v. Florida, 130 F. App'x 327, 332 (11th Cir. 2005) (citing Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998),

cert. denied, 546 U.S. 1151 (2006)).  However, pro se litigants are not exempted from complying with the Rules and the Local Rules, and do not escape their burdens under the rules regarding entry of summary judgment.  See Brown v. Crawford, 906 F.2d 667, 670 (11th Cir. 1990) ("[A] pro se litigant does not escape the essential burden under summary judgment standards of establishing that there is a genuine issue as to a fact material to his case in order to avert summary judgment."); Dawley v. NF Energy Saving Corp. of Am., No. 6:07-cv-872-Orl-19DAB, 2008 WL 53624, at *1 (M.D. Fla. Jan. 2, 2008) ("Irrespective of Plaintiff's pro se status, he cannot prevail on his motion for summary judgment absent proof that there is no genuine issue of material fact with respect to the aforementioned elements.").  Here, even with the Court's liberal construction, the Motion is so deficient that the Court is unable to determine the basis of the Motion, or the claims which it addresses.  Therefore, the Motion is due to be denied without prejudice.[1]

---

[1] In the Response, Defendant contends that the Motion should be denied because "the parties have not engaged in formal discovery," "no depositions have been taken by either party," and "there is still much information that must be discovered before a proper summary judgment motion and supporting documents and testimony can be filed."  See Response at 2.  Under Rule 56(d):

> [i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order.

See Rule 56(d).  Defendant has neither attached an affidavit or declaration to the Response, nor specified what or how additional discovery would enable it to ascertain facts that could be raised in opposition to the Motion.  A party "must specifically demonstrate 'how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact.'" Reflectone, Inc. v. Farrand Optical Co., 862 F.2d 841, 843 (11th Cir. 1989) (citation omitted).  "[T]he nonmovant 'may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts.'"  Wallace v. Brownell Pontiac-GMC Co., 703 F.2d 525, 527 (11th Cir. 1983) (citation omitted); Reilly v. Chipotle Mexican Grill, Inc., No. 16-17461, 2017 WL 4410952, at *4 (11th Cir. Oct. 4, 2017).  Without this showing, "a court may grant summary judgment without the parties having conducted discovery."  Reflectone, 862 F.2d at 844; Salas v. Tillman, 162 F. App'x 918, 922 (11th Cir. 2006).  Because Defendant has asserted only vaguely that a proper summary judgment motion requires further discovery, the Court cannot find that the Motion is due to be denied on this ground.

The Court notes that prior to December 1, 2010, the substance of Rule 56(d) was found in Rule 56(f).  However, the Rule did not undergo any substantive changes.  See Advisory Committee Notes to the 2010 amendments ("Subdivision (d) carries forward without substantial change the provisions of former

- 3 -

In light of the foregoing, it is hereby **ORDERED**:

Plaintiff [sic] Request Motion of Summary Judgment [sic] (Doc. 38) is **DENIED without prejudice**.

**DONE AND ORDERED** in Chambers this 17th day of October, 2017.

*Marcia Morales Howard*
MARCIA MORALES HOWARD
United States District Judge

Lc25

Copies to:
Counsel of Record
Pro se Parties

---

subdivision (f)."). As such, case law analyzing the former Rule 56(f) instructs the Court's analysis.